

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-3-2002

# Smith v. Postmaster General

Precedential or Non-Precedential: Non-Precedential

Docket No. 01-3698

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"Smith v. Postmaster General" (2002). *2002 Decisions.* Paper 375.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/375

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT


No. 01-3698



RONALD L. SMITH,

Appellant

v.

WILLIAM J. HENDERSON, POSTMASTER GENERAL,
UNITED STATES POSTAL SERVICE; ADOLPH TESTA;
MICHAEL BROWN; WILLIAM MILLS, INDIVIDUALLY
AND IN THEIR OFFICIAL CAPACITY



ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

(District Court No. 00-CV-4310)
District Court Judge: Robert F. Kelly



Submitted Under Third Circuit LAR 34.1(a)
June 25, 2002

Before: ALITO, AMBRO, and GARTH, Circuit Judges.

(Opinion Filed:   July 3, 2002 )



OPINION OF THE COURT



PER CURIAM:
     Ronald Smith, a former employee of the United States Postal Service, claims that,
in violation of 28 U.S.C. § 2000e-3(a) ("Title VII"), he was terminated in retaliation for a
complaint he filed with the postal facility's Equal Employment Office two years earlier.
The District Court granted summary judgment to the defendants, and we affirm.
     Because we write only for the benefit of the parties, who are familiar with this
case, we omit the factual background.  The three elements of the prima facie case for
retaliation under Title VII are well-settled: (1) the complainant engaged in a protected
employee activity, (2) the employer took an adverse employment action after or during
the protected activity, and (3) that adverse action is causally linked to the protected
activity.  See Weston v. Pennsylvania, 251 F.3d 420, 430 (3d Cir. 2001).

     If the plaintiff establishes the prima facie case, the defendant may rebut the claim
by proffering a legitimate, non-discriminatory reason for the adverse action.  Once this

reason is proffered, the burden shifts back to the plaintiff to show that the proffered reason is merely pretextual. See Jones v. School Dist. of Philadelphia, 198 F.3d 403, 410 (3d Cir. 1999). The plaintiff must then put forward sufficient evidence to satisfy the standard in Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133 (2000).

We conclude that Smith failed to establish a prima facie case of retaliation. Even if he had, Smith also failed to produce evidence that would allow a reasonable fact-finder to reject as pretextual the legitimate, non-discriminatory reason proffered by the Postmaster General. Both failures are fatal to Smith's claim. Therefore, we affirm the order of the District Court.

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT


No. 01-3698



RONALD L. SMITH,

Appellant

v.

WILLIAM J. HENDERSON, POSTMASTER GENERAL,
UNITED STATES POSTAL SERVICE; ADOLPH TESTA;
MICHAEL BROWN; WILLIAM MILLS, INDIVIDUALLY
AND IN THEIR OFFICIAL CAPACITY



ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

(District Court No. 00-CV-4310)
District Court Judge: Robert F. Kelly



Submitted Under Third Circuit LAR 34.1(a)
June 25, 2002

Before: ALITO, AMBRO, and GARTH, Circuit Judges.



JUDGMENT



This cause came to be heard on the record from the United States District Court for the Eastern District of Pennsylvania and was submitted under Third Circuit LAR 34.1(a) on June 25, 2002.

After careful review, it is hereby ORDERED and ADJUDGED that the order of the District Court below is AFFIRMED.

ATTEST:

                         Clerk

DATED: